This is an action brought by the vendors to compel specific performance of an agreement to purchase certain real estate. The vendee sets up that the title is not perfect because of a certain easement consisting of a right of way for a lane on *Page 231 
the boundary of the property. The sole question is whether the possible existence of this easement is such a cloud on the title as justifies the defendant in a refusal to consummate the purchase.
In 1815 one Huyler deeded the property in question to one Day, describing the property by metes and bounds and setting forth that the property is estimated at sixteen acres one-quarter and thirteen perches, more or less. The deed contains the clause "excepting and reserving the privilege of a lane or passageway one rod wide for the benefit of the owners of other lots along the north side of the above-described premises to the said Turnpike road." The defendant contends that complainants have no clear title to this strip one rod wide, an easement on which was created by the Huyler deed. Complainants contend that if there ever was a valid easement on this strip it was long since destroyed by the statute of limitations.
The history of the title to the property is as follows:
Day, in 1829, made a deed to Vreeland wherein the specific description of courses of metes and bounds are identical with the deed from Huyler to Day. Vreeland, in 1837, executed a deed to Fowler wherein the property is described as being on the south side of a lane one rod wide. The courses by metes and bounds differ from the two prior deeds in that the southwesterly course and the northeasterly course are one rod less and there is also a phrase giving the acreage, which is set forth as being fifteen and fourteen one-hundredth acres. This would account for the exclusion of the property lying under the lane, and there can be no question but what Fowler, by the operation of the deed itself, would not take title to the lane. There were mesne conveyances identical with the description of the property in the deed to Fowler until the property reached one Joseph Vile. Vile made a conveyance to one McFarlane by deed dated April 1st, 1870. After the death of Vile, his executors and trustees made a deed dated September 1st, 1873, to the same McFarlane, conveying a strip of land one rod wide in the bed of the lane to McFarlane. Since this time there have been mesne conveyances without any reference to any lane and all these *Page 232 
deeds purport to convey title to the entire tract, including the bed of the lane.
It does not appear that the strip was ever used at any time as a lane. The land is agricultural and the testimony is that as far back as anyone now knows, which covers a period of fifty years, the part of the premises on which the alleged lane is has been part of an orchard and covered with fruit trees.
The sole question is whether the title of the complainants is not marketable because the complainants have not a good title to the strip of land under the lane, an easement on which was reserved by the deed from Huyler to Day. In my opinion the complainant has a marketable title since the easement no longer exists.
Remote, trivial or obscure objections based on a claim long dormant or never asserted are not looked on with favor. City ofNewark v. Lindsley, 114 Atl. Rep. 794; Rielly v. P. Rielly Son, 101 N.J. Eq. 434.
In the latter case objection was made to the title on the ground that the property was subject to a dedicated street by a map filed in 1836. The street apparently was never used. The court says: "The city's right, if it has any, was obscure and the recovery remote. * * * The receiver could well reason that the title and possession of the Riellys having been undisturbed for nearly half a century the purchaser would be content."
The title of the complainants was perfected by adverse possession. The present statute of 1922 reads as follows:
"Thirty years' actual possession of any lands, tenements, or other real estate, excepting woodlands or uncultivated tracts, and that sixty years' actual possession of any woodlands or uncultivated tracts uninterruptedly continued by occupancy, descent, conveyance or otherwise, in whatever way or manner such possession might have commenced, or have been continued, shall vest a full and complete right and title in every actual possessor or occupier of such lands, tenements or other real estate, and shall be a good and sufficient bar to all claims that may be made, or actions commenced by any person or persons whatsoever, for the recovery of any such lands, tenements or other real estate."
This section was passed upon by the court of errors and appeals in the case of Model Plan Agency v. Diamond, 101 *Page 233 N.J. Eq. 786, where the court affirmed the decree on the opinion of the court below. In this case certain discrepancies with respect to the location of street lines resulted in some question as to the record title of a very small portion of the lands in question. It was held that more than thirty years' possession of the property disposed of all objection to the title and that in view of the provision of the statute the title was good and marketable.
In the present case the complainants and their predecessors in interest have occupied the premises including the strip in question at least since 1873. In fact, from the year 1873 they have occupied the premises continuously under claim of a record title to the strip in question.
Under these circumstances not only are the complainants protected under the statute of 1922 in their claim to title, but protection is also afforded them under the provision of section 2 of the act of 1877, which ever since that time has fixed a period of thirty years' limitation where a person in possession claimed under a bona fide purchase from a person in possession and supposed to have a legal right and title thereto. The record title of the complainants, so far as the strip in question is concerned, is based upon a deed of the executors and trustees of Vile executed and delivered in 1873.
There is no evidence presented that any right under the easement to the strip in question was ever asserted or that it was used by anyone at any time or that the possession of the strip was ever in anyone other than the predecessors by record title of the complainants.
Since in my opinion the thirty-year statute of limitations is applicable and has perfected the title of complainants, if it had been defective otherwise, it is unnecessary to discuss the question raised by complainants as to whether the easement survived the deaths of the owners of the dominant tenements in 1815 and also whether the defendant has waived his rights by retaining possession of the property after he had knowledge of the defect now claimed by him.
It is my opinion that the complainants tendered to the defendants a marketable title. I shall accordingly advise a decree granting specific performance. *Page 234